UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| EASTMAN KODAK COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS COMPANY, LTD.; SAMSUNG ELECTRONICS AMERICA, INC.; SAMSUNG TELECOMMUNICATIONS AMERICA, INC.; LG ELECTRONICS, INC.; LG ELECTRONICS USA, INC.; and LG ELECTRONICS MOBILECOMM USA, INC.,<br><br>Defendants. | ) | Civil Action<br><br>No. ________________<br><br>JURY TRIAL DEMANDED |

**COMPLAINT AND JURY CLAIM**

1. This action arises under the patent laws of the United States, Title 35 of the United States Code, and relates to U.S. Patent No. 5,016,107 and U.S. Patent No. 5,164,831.

**The Parties**

2. Plaintiff Eastman Kodak Company ("Kodak") is a New Jersey corporation with its principal place of business at 343 State Street, Rochester, New York, 14650.

3. The Defendants are Samsung Electronics Company, Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, Inc. (together, "Samsung"), as well as LG Electronics, Inc., LG Electronics USA, Inc., and LG Electronics MobileComm USA, Inc. (together, "LG").

4. Defendant Samsung Electronics Company, Ltd. is a public limited liability company incorporated under the laws of South Korea, with its principal executive offices at 250, Taepyeongno 2-ga, Jung-gu, Seoul 100-742 Korea. Upon information and belief, Samsung Electronics Company, Ltd. manufactures and, in cooperation with its subsidiaries and distributors, sells and markets mobile devices such as mobile telephones throughout the world, including in this District and elsewhere in the United States.

5. Defendant Samsung Electronics America, Inc. is a New York corporation with its principal place of business at 105 Challenger Road, Ridgefield Park, NJ 07660. Samsung Electronics America, Inc. is a wholly owned subsidiary of Samsung Electronics Company, Ltd. Upon information and belief, Samsung Electronics America, Inc. manages the operations of Samsung Telecommunications America, Inc. in selling and marketing mobile devices in the United States, and through its distributors, in this District.

6. Defendant Samsung Telecommunications America, Inc. is a Delaware corporation with its principal place of business at 1301 Lookout Drive, Richardson, TX 75082. Samsung Telecommunications America, Inc. is a wholly owned subsidiary of Samsung Electronics Company, Ltd. Upon information and belief, Samsung Telecommunications America, Inc. cooperates with Samsung Electronics America, Inc. in selling and marketing mobile devices in the United States, and through its distributors, in this District.

7. Defendant LG Electronics, Inc. is a publicly-traded corporation organized under the laws of South Korea, with its principal executive offices at LG Twin Towers, 20, Yeouido-dong, Yeongdeungpo-gu, Seoul 150-721 Korea. LG Electronics, Inc. is a wholly owned subsidiary of LG Corp., and manufactures and, in cooperation with its subsidiaries, markets mobile devices

such as mobile telephones throughout the world, including in this District and elsewhere in the United States.

8. Defendant LG Electronics USA, Inc. is a corporation organized and existing under the laws of the state of Delaware, with its principal place of business at 1000 Sylvan Avenue, Englewood Cliffs, New Jersey 07632. LG Electronics USA, Inc. is a wholly owned subsidiary of LG Electronics, Inc., and cooperates with LG Electronics, Inc. and LG Electronics MobileComm USA, Inc. in selling and marketing mobile devices in this District and elsewhere in the United States.

9. Defendant LG Electronics MobileComm USA, Inc. is a corporation organized and existing under the laws of the state of California, with its principal place of business at 10101 Old Grove Road, San Diego, California 92131. LG Electronics MobileComm USA, Inc. is a subsidiary of LG Electronics USA, Inc., and cooperates with LG Electronics, Inc. and LG Electronics USA, Inc. in selling and marketing mobile devices in this District and elsewhere in the United States.

**Jurisdiction and Venue**

10. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1338 (a).

11. The personal jurisdiction of this Court over Samsung is proper because Samsung commits acts of infringement in violation of 35 U.S.C. § 271 and places infringing products into the stream of commerce, via an established distribution channel, with the knowledge and/or understanding that such products are sold in the State of New York, including in this District. These acts cause injury to Kodak within the District. Upon information and belief, Samsung derives substantial revenue from the sale of infringing products distributed within the District, and/or expects or should reasonably expect its actions to have consequences within the District

and derives substantial revenue from interstate and international commerce. In addition, Samsung has, and continues to, knowingly induce infringement within this State and within this District by contracting with others to market and sell infringing products with the knowledge and intent to facilitate infringing sales of the products, by creating and/or disseminating user manuals for the products with like knowledge and intent, and by warranting the products sold by others within the District.

12. The jurisdiction of this Court over LG is proper because LG commits acts of infringement in violation of 35 U.S.C. § 271 and places infringing products into the stream of commerce, via an established distribution channel, with the knowledge and/or understanding that such products are sold in the State of New York, including in this District. These acts cause injury to Kodak within the District. On information and belief, LG derives substantial revenue from the sale of products distributed within the District and/or expects or should reasonably expect its actions to have consequences within the district and derives substantial revenue from interstate and international commerce. LG has, and continues to, knowingly induce infringement within this State and within this District by contracting with others to market and sell infringing products with knowledge and intent to facilitate infringing sales of the products, by creating and/or disseminating user manuals for the products with like knowledge and intent, and, with respect to LG Electronics MobileComm USA, Inc., by using an interactive website with knowledge and intent to facilitate infringing sales of the products by others, and by warranting the products sold by others within the District.

13. Venue is proper in this District under 28 U.S.C. §§ 1391 (b), (c), (d), and 1400 (b).

**First Claim for Relief**
(Patent Infringement)

14. Kodak is the owner by assignment of U.S. Patent No. 5,016,107 ("the '107 patent"), entitled "Electronic Still Camera Utilizing Image Compression and Digital Storage," a true copy of which is attached hereto as Exhibit A. The '107 patent was duly and legally issued on May 14, 1991.

15. Samsung has infringed and continues to infringe the '107 patent, by using, selling and/or offering to sell, within the United States, and/or by importing into the United States, products, including mobile devices such as mobile telephones, which embody and/or practice the claimed inventions of the '107 patent in violation of 35 U.S.C. § 271.

16. Kodak has put Samsung on notice of the '107 patent and Samsung's infringement of the '107 patent through a series of communications and meetings between Kodak and Samsung beginning at least as early as February 1, 2005.

17. Samsung has induced, and continues to induce, others to infringe the '107 patent in violation of 35 U.S.C § 271, by taking active steps to encourage and facilitate others' direct infringement of the '107 patent with knowledge of that infringement, such as, upon information and belief, by contracting for the distribution of the infringing mobile devices for infringing sale such as by retail sales outlets, by marketing the mobile devices, by creating and/or distributing user manuals for the mobile devices, and by supplying warranty coverage for the mobile devices sold in this State and in this District.

18. Samsung has contributorily infringed the '107 patent in violation of 35 U.S.C. § 271, by selling within the United States, offering for sale within the United States, and/or importing components that embody a material part of the inventions described in the '107 patent, are

known by Samsung to be especially made or specially adapted for use in infringement of the ‘107 patent, and are not staple articles or commodities suitable for substantial, non-infringing use, including certain mobile devices and non-staple constituent parts of those mobile devices.

19. As a result of Samsung’s infringement, Kodak has suffered, and will continue to suffer, substantial damages. Kodak will also suffer irreparable harm unless Samsung’s infringement is enjoined by this Court.

**Second Claim for Relief**
(Patent Infringement)

20. Kodak is the owner by assignment of U.S. Patent No. 5,164,831 (“the ‘831 patent”), entitled “Electronic Still Camera Providing Multi-Format Storage of Full and Reduced Resolution Images,” a true copy of which is attached hereto as Exhibit B. The ‘831 patent was duly and legally issued on November 17, 1992.

21. Samsung has infringed and continues to infringe the ‘831 patent, by using, selling and/or offering to sell, within the United States, and/or by importing into the United States, products, including mobile devices such as wireless telephones, which embody and/or practice the claimed inventions of the ‘831 patent in violation of 35 U.S.C. § 271.

22. Kodak has put Samsung on notice of the ‘831 patent and Samsung’s infringement of the ‘831 patent.

23. Samsung has induced, and continues to induce, others to infringe the ‘831 patent in violation of 35 U.S.C § 271, by taking active steps to encourage and facilitate others’ direct infringement of the ‘831 patent with knowledge of that infringement, such as, upon information and belief, by contracting for the distribution of the infringing mobile devices for infringing sale such as by retail sales outlets, by marketing the mobile devices, by creating and/or distributing

user manuals for the mobile devices, and by supplying warranty coverage for the mobile devices sold in this State and in this District.

24. Samsung has contributorily infringed the '831 patent in violation of 35 U.S.C. § 271, by selling within the United States, offering for sale within the United States, and/or importing components that embody a material part of the inventions described in the '831 patent, are known by Samsung to be especially made or specially adapted for use in infringement of the '831 patent, and are not staple articles or commodities suitable for substantial, non-infringing use, including certain mobile devices and non-staple constituent parts of those mobile devices.

25. As a result of Samsung's infringement, Kodak has suffered, and will continue to suffer, substantial damages. Kodak will also suffer irreparable harm unless Samsung's infringement is enjoined by this Court.

**Third Claim for Relief**
(Patent Infringement)

26. Kodak is the owner by assignment of U.S. Patent No. 5,016,107 ("the '107 patent"), entitled "Electronic Still Camera Utilizing Image Compression and Digital Storage," a true copy of which is attached hereto as Exhibit A. The '107 patent was duly and legally issued on May 14, 1991.

27. LG has infringed and continues to infringe the '107 patent, by using, selling and/or offering to sell, in this District and elsewhere in the United States, and/or by importing into this District and elsewhere in the United States, products, including mobile devices such as mobile telephones, which embody and/or practice the claimed inventions of the '107 patent in violation of 35 U.S.C. § 271.

28. Kodak put LG on notice of the '107 patent and LG's infringement of the '107 patent

through a series of communications and meetings between Kodak and LG beginning at least as early as February 2, 2004.

29. Each of LG Electronics, Inc., LG Electronics USA, Inc., and LG Electronics MobileComm USA, Inc. has induced, and continues to induce, others to infringe the '107 patent in violation of 35 U.S.C § 271, by taking active steps to encourage and facilitate others' direct infringement of the '107 patent with knowledge of that infringement, such as, upon information and belief, by contracting for the distribution of the infringing mobile devices for infringing sale such as by retail sales outlets, by marketing the mobile devices, by creating and/or distributing user manuals for the mobile devices, and, as to LG Electronics MobileComm USA, Inc., by supplying warranty coverage for the mobile devices sold in this State and in this District.

30. LG has contributorily infringed the '107 patent in violation of 35 U.S.C. § 271, by selling within the United States, offering for sale within the United States, and/or importing components that embody a material part of the inventions described in the '107 patent, are known by LG to be especially made or specially adapted for use in infringement of the '107 patent, and are not staple articles or commodities suitable for substantial, non-infringing use, including certain mobile devices and non-staple constituent parts of those mobile devices.

31. As a result of LG's infringement, Kodak has suffered, and will continue to suffer, substantial damages. Kodak will also suffer irreparable harm unless LG's infringement is enjoined by this Court.

**Fourth Claim for Relief**
(Patent Infringement)

32. Kodak is the owner by assignment of U.S. Patent No. 5,164,831 ("the '831 patent"), entitled "Electronic Still Camera Providing Multi-Format Storage of Full and Reduced

Resolution Images," a true copy of which is attached hereto as Exhibit B. The '831 patent was duly and legally issued on November 17, 1992.

33. LG has infringed and continues to infringe the '831 patent, by using, selling and/or offering to sell, in this District and elsewhere in the United States, and/or by importing into this District and elsewhere in the United States, products, including mobile devices such as wireless telephones, which embody and/or practice the claimed inventions of the '831 patent in violation of 35 U.S.C. § 271.

34. Kodak put LG on notice of the '831 patent and LG's infringement of the '831 patent through a series of communications and meetings between Kodak and LG beginning at least as early as February 2, 2004.

35. Each of LG Electronics, Inc., LG Electronics USA, Inc., and LG Electronics MobileComm USA, Inc. has induced, and continues to induce, others to infringe the '831 patent in violation of 35 U.S.C § 271, by taking active steps to encourage and facilitate others' direct infringement of the '831 patent with knowledge of that infringement, such as, upon information and belief, by contracting for the distribution of the infringing mobile devices for infringing sale such as by retail sales outlets, by marketing the mobile devices, by creating and/or distributing user manuals for the mobile devices, and, as to LG Electronics MobileComm USA, Inc., by supplying warranty coverage for the mobile devices sold in this State and in this District.

36. LG has contributorily infringed the '831 patent in violation of 35 U.S.C. § 271, by selling within the United States, offering for sale within the United States, and/or importing components that embody a material part of the inventions described in the '831 patent, are known by LG to be especially made or specially adapted for use in infringement of the '831

patent, and are not staple articles or commodities suitable for substantial, non-infringing use, including certain mobile devices and non-staple constituent parts of those mobile devices.

37. As a result of LG's infringement, Kodak has suffered, and will continue to suffer, substantial damages. Kodak will also suffer irreparable harm unless LG's infringement is enjoined by this Court.

WHEREFORE, Kodak requests that the Court:

1. Adjudge that Kodak is the owner of the '107 and '831 patents and all rights of recovery under each of them;

2. Adjudge that the '107 and '831 patents are valid and enforceable;

3. Adjudge that Samsung has infringed and continues to infringe the claims of the '107 and '831 patents;

4. Preliminarily and permanently enjoin Samsung from further infringement of the '107 and '831 patents;

5. Adjudge that LG has infringed and continues to infringe the claims of the '107 and '831 patents;

6. Preliminarily and permanently enjoin LG from further infringement of the '107 and '831 patents;

7. Award Kodak compensatory damages;

8. Award Kodak its costs and reasonable experts' fees and attorneys' fees; and

9. Award Kodak such other relief as the Court deems just and proper.

PLAINTIFF CLAIMS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

EASTMAN KODAK COMPANY

By its attorneys,

**HARRIS BEACH PLLC**

*/s/ Paul J. Yesawich, III*
Paul J. Yesawich, III
Laura W. Smalley
Neal L. Slifkin
*Attorneys for Eastman Kodak Company*
99 Garnsey Road
Pittsford, New York 14534
Tel: (585) 419-8800
Fax: (585) 419-8813
pyesawich@harrisbeach.com
lsmalley@harrisbeach.com
nslifkin@harrisbeach.com

Dated: November 17, 2008

*Seeking Admission Pro Hac Vice*:
William F. Lee
John J. Regan
Donald R. Steinberg
Michael J. Summersgill
Richard W. O'Neill
Monica Grewal
WILMER CUTLER PICKERING HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
(617) 526-6000 (Telephone)
(617) 526-5000 (Facsimile)

S. Calvin Walden
WILMER CUTLER PICKERING HALE AND DORR LLP
399 Park Avenue
New York, New York 10022
(212) 230-8000
(212) 230-8888

Grant K. Rowan
Nina S. Tallon
Joseph R. Baldwin
WILMER CUTLER PICKERING HALE AND DORR LLP
1875 Pennsylvania Ave., NW
Washington, DC 20006
(202) 663-6000
(202) 663-6363